UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
DAVID HECHT,
                    Plaintiff,

v.                                  **OPINION AND ORDER**

                                15 CV 4200 (VB)

EDWARD RUSH, THE BOARD OF FIRE
COMMISSIONERS OF THE HARTSDALE
FIRE DISTRICT, and THE HARTSDALE
FIRE DISTRICT,
                    Defendants.
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiff David Hecht brings this action against defendants Edward Rush, the Board of Fire Commissioners of the Hartsdale Fire District, and the Hartsdale Fire District, under 42 U.S.C. § 1983 for an alleged violation of plaintiff's First Amendment rights.

      Before the Court is defendants' motion for summary judgment. (Doc. #25).

      For the following reasons, the defendants' motion is DENIED.

      The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

      The parties have submitted briefs, statements of fact, and declarations ("Dec'l") with supporting exhibits, which reflect the following factual background.

      In 2002, plaintiff David Hecht applied to the Village Board of the Village of Elmsford to purchase Village-owned property adjacent to property Hecht already owned. Defendant Edward Rush was one of two members of the Village Board who objected to Hecht's purchase of the property. Ultimately, Hecht was permitted to purchase the property over the objections.

      By letter dated September 6, 2002, Hecht wrote to the Supervisor of the Town of Greenburgh that it had "come to [his] attention that [Rush was] on the Elmsford Village Board of

1

Trustees and at the same time [was] a paid fireman for the Town of Greenburgh" (the "2002 letter").  The 2002 letter pointed to a Greenburgh Town Code of Ethics chapter which Hecht believed prohibited Rush from holding both of these positions.  In reality, Hecht was mistaken, because Rush was not an employee of the Town of Greenburgh; instead he was employed by the Hartsdale Fire District, an entirely separate municipal entity.

Approximately ten years later, Rush, the Chief of the Hartsdale Fire District, had been charged with receiving applications for a paid firefighter position and recommending a pared-down number of applicants for interviews with Board of Fire Commissioners of the Hartsdale Fire District ("the Board").

On June 5, 2012, Hecht applied for the paid firefighter position Rush was overseeing by bringing his application to the fire station.  There, Rush and Hecht met briefly in person and had a short conversation.  Rush then made several notations on a spreadsheet he was keeping of applicants for the position.  In particular, Rush made the following notations regarding Hecht: "no good," "no fire experience," "just joined FFD," "attitude?," "44?," and "good shape." (Massucci Dec'l at Ex. E, p. 17).  Rush did not recommend Hecht to the Board for the position.

## DISCUSSION

I.  <u>Legal Standard</u>

The Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

A fact is material when it "might affect the outcome of the suit under the governing law. . . .  Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

A dispute about a material fact is genuine if there is sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party. See id. The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 60 (2d Cir. 2010) (citation omitted). It is the moving party's burden to establish the absence of any genuine issue of material fact. Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010).

If the non-moving party has failed to make a sufficient showing on an essential element of his case on which he has the burden of proof, then summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. at 323. If the non-moving party submits "merely colorable" evidence, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011) (internal citations omitted). The "mere existence of a scintilla of evidence in support" of the non-moving party's position is likewise insufficient; "there must be evidence on which the jury could reasonably find" for him. Dawson v. Cty. of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party. Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003). If there is any evidence from which a reasonable inference could be drawn in favor of the non-moving party on the issue on which summary judgment is sought, summary judgment is improper. See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 83 (2d Cir. 2004).

In deciding a motion for summary judgment, the Court need only consider evidence that would be admissible at trial. Nora Bevs., Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 746 (2d Cir. 1998).

I.   First Amendment Retaliation

A plaintiff asserting a First Amendment retaliation claim must show: "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." Scott v. Coughlin, 344 F.3d 282, 287 (2d Cir. 2003) (internal quotations omitted).

Even if a plaintiff can establish these elements, the defendants may still prevail if (i) they demonstrate they "would have taken the same adverse action in the absence of the protected speech;" or (ii) plaintiff's speech "was likely to disrupt the government's activities, and the likely disruption was sufficient to outweigh the First Amendment value of plaintiff's speech." Mandell v. Cty. of Suffolk, 316 F.3d 368, 382-83 (2d Cir. 2003) (internal citations omitted).

"Summary judgment is precluded where questions regarding an employer's motive predominate in the inquiry regarding how important a role the protected speech played in the adverse employment decision." Zehner v. Jordan–Elbridge Bd. of Educ., 2016 WL 6820720, at *2 (2d Cir. Nov. 18, 2016) (summary order) (quoting Morris v. Lindau, 196 F.3d 102, 110 (2d Cir. 1999), abrogated on other grounds by Lore v. City of Syracuse, 670 F.3d 127 (2d Cir. 2012).).

For the purposes of this motion, defendants do not contest any of the elements of Hecht's prima facie case. Instead, they focus on three affirmative defenses.

For the reasons that follow, summary judgment is not appropriate on the basis of any of the three arguments defendants raise.

A.     Non-Retaliatory Reasons for Not Hiring Hecht

Defendants argue they had "legitimate non-retaliatory reasons" for not hiring Hecht. (Defs.' Br. at 6). They argue there were "numerous other candidates with firematic[1] experience" whereas "Hecht admittedly had none." (Defs.' Br. at 6). In addition, they argue Rush had personal knowledge of Hecht's character and legitimately did not think Hecht was "fit[] to be a team player which is a necessary component of firefighter." (Defs.' Br. at 10).

This argument fails for several reasons.

First, defendants admit they hired two individuals with no firefighting experience during Rush's tenure as Chief of the Hartsdale Fire District. In addition, Hecht alleges he did have firefighting experience. (See Pl.'s Br. at 5). As a result, a reasonable jury could conclude the lack of firefighting experience reason given by defendants for not hiring Hecht is pretext.

Second, defendants have proffered no evidence other than Rush's self-serving statements regarding Hecht's supposedly undesirable character traits.

Finally, and most importantly, there is evidence in the record that suggests the real reason Rush did not recommend Hecht to the Board was in retaliation for the 2002 letter. In particular, third party John Malone, Deputy Fire Chief in the Fairview Fire Department, submitted an affidavit in which he states he asked Rush why he rejected Hecht for the position, and Rush responded "that his rejection was due to David Hecht's having filed with respect to him (Rush), an ethics complaint letter with the Town of Greenburgh's Supervisor," and that this "was the only basis upon which that rejection was predicated." (Malone Aff. ¶¶ 6-7). In addition, on December 5, 2013, in a different lawsuit, Rush himself testified the "main reason" he "did[ not]

---

[1]    Defendants use the term "firematic" experience throughout their papers, whereas plaintiff uses "fire manic" experience. The Court understands both parties to refer to experience in firefighting.

have any intention of hiring" Hecht was because Hecht "tried to get [Rush] fired from [his] job," a clear suggestion he acted in retaliation for the 2002 letter. (Massucci Dec'l Ex. E, at p. 18).

As a result, there are significant questions of fact regarding whether Rush's decision not to recommend Hecht to the Board for an interview was retaliatory. Accordingly, defendants are not entitled to summary judgment on the basis of this argument.

B. Dual Motivation Defense

Defendants also argue they are entitled to summary judgment under the "dual motivation defense." Specifically, they argue summary judgment is proper even if the Court assumes the motivation for Rush's decision not to recommend Hecht for an interview with the Board was "entirely retaliation," if the Court nevertheless finds defendants would not have hired Hecht based upon legitimate factors. (Defs.' Br. at 11).

However, the dual motivation defense fails if the fact-finder concludes that "the improper reason [for the adverse employment action] has been proved to exist, perhaps not to the exclusion of the defendant's proper reason but to a degree sufficient to warrant a finding that the improper reason was a substantial cause of the adverse action." Brock v. Casey Truck Sales, Inc., 839 F.2d 872, 878 (2d Cir. 1988) (emphasis in the original).

Here, based on the evidence presented – in particular the Malone affidavit and Rush's own testimony in a prior lawsuit – a reasonable jury could conclude the 2002 letter was a substantial reason defendants did not hire Hecht. Therefore, summary judgment is not appropriate on the basis of this argument either.

C. Disruption of Business Operations

Defendants also argue hiring Hecht could have led to a "disruption of business operations." (Defs.' Br. at 11). Under this theory, an employer may refuse to hire a candidate

for speaking on a matter of public concern if the employer predicts doing so will disrupt its operations and "(1) the employer's prediction of disruption is reasonable; (2) the potential disruptiveness is enough to outweigh the value of the speech; and (3) the employer took action against the employee based on this disruption and not in retaliation for the speech." Locurto v. Safir, 264 F.3d 154, 166 (2d Cir. 2001) (internal quotation and citation omitted).

Defendants assert it was "perfectly reasonable" for Rush to believe Hecht "may not follow an order given by Chief Rush," which would "present[] a serious potential for disruption of operations" of the fire department. (Defs.' Br. at 13). However, defendants have not shown as a matter of law either that any of the three requirements of a disruption of business defense have been satisfied at this stage. Most significantly, the third prong has not been satisfied, as there are issues of fact regarding whether the decision not to recommend Hecht for an interview with the Board was retaliatory.

As a result, summary judgment is inappropriate on the basis of this argument as well.

II.    Qualified Immunity

Finally, defendants argue Rush is entitled to qualified immunity.

The Court disagrees.

Under the doctrine of qualified immunity, a government official is immune from suit if his "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

"Where specific intent of a defendant is an element of plaintiff's claim under clearly established law, and plaintiff has adduced sufficient evidence of that intent to defeat summary judgment, summary judgment on qualified immunity grounds is inappropriate." Mandell v. Cty. of Suffolk, 316 F.3d at 385.

Here, whether Rush had the intent to retaliate against Hecht for writing the 2002 letter is a central fact in dispute. Plaintiff has proffered sufficient evidence that Rush's intent was retaliatory to survive summary judgment.

Accordingly, summary judgment is inappropriate on qualified immunity grounds. See Mandell v. Cty. of Suffolk, 316 F.3d at 385 ("In the present case retaliatory intent is an element of plaintiff's claim, and we have already noted that plaintiff's evidence of retaliatory animus is sufficient to make defendants' motivation a triable issue of fact. Until that issue is resolved by a factfinder, therefore, the retaliation claim against defendant Gallagher cannot be dismissed on qualified immunity grounds.").

## CONCLUSION

Defendants' motion for summary judgment is DENIED.

All counsel are directed to appear at a status conference on January 25, 2017, at 9:30 a.m., at which time the Court will set a trial date and a schedule for pretrial submissions.

By January 23, 2017, the parties shall submit a Joint Pretrial Order in accordance with the Court's Individual Practices.

The Clerk is instructed to terminate the motion. (Doc. #25).

Dated: December 21, 2016
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge